1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOHN A. BRADLEY,                         No.  2:15-cv-1026-EFB

11              Plaintiff,

12        v.                                  ORDER

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security
14
                Defendant.
15

16

17        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying his application for a period of disability and Disability Insurance

19   Benefits ("DIB") under Titles II of the Social Security Act.  The parties have filed cross-motions

20   for summary judgment.  For the reasons discussed below, plaintiff's motion for summary

21   judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further

22   proceedings.

23   I.    BACKGROUND

24        Plaintiff filed applications for a period of disability and DIB, alleging that he had been

25   disabled since February 5, 2008.  Administrative Record ("AR") 147-148.  His application was

26   denied initially and upon reconsideration.  *Id.* at 82-86, 90-94.  On July 31, 2013, a hearing was

27   held before administrative law judge ("ALJ") David M. Blume.  *Id.* at 36-64.  Plaintiff was

28   represented by counsel at the hearing, at which he testified.  *Id.*

                                              1

On April 18, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id*. at 15-21.  The ALJ made the following specific findings:

1.  The claimant last met the insured status requirements of the Social Security Act on September 30, 2011.

2.  The claimant did not engage in substantial gainful activity during the period from November 17, 2009, through his date last insured of September 30, 2011 (20 CFR 404.1571 *et seq*.).

        * * *

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

3.  Through the date last insured, the claimant had the following severe impairments: carpal tunnel syndrome, degenerative disc disease of the lumbar and cervical spine, status post bilateral shoulders arthroplasty (20 CFR 404.1520(c)).

    * * *

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525and 404.1526).

    * * *

5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform  light work as defined in 20 CFR 404.1567(b) except  the claimant could occasionally climb ramps/stairs, kneel, stoop, crouch, and crawl.  He could not climb ladders/ropes/scaffolds. He could not reach overhead reaching [sic] but could frequently handle, finger, feel.  He had to avoid hazards such as heights, moving machinery.

    * * *

6.  Through the date last insured, the claimant was capable of performing past relevant work as a contractor (DOT 182.167-010, SVP 7, light exertion.), construction superintendent (DOT 182.167-026, SVP 7, light exertion).  This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

    * * *

7.  Alternatively, the claimant could do other work.

    * * *

8.  The claimant was not been under a disability, as defined in the Social Security Act, at any time from November 17, 2009, through September 30, 2011, the date last insured (20 CFR 404.1520(f)).

*Id.* at 17-21.

Plaintiff's request for Appeals Council review was denied on March 12, 2015, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-6.

/////

/////

/////

3

1    II.      LEGAL STANDARDS

2          The Commissioner's decision that a claimant is not disabled will be upheld if the findings

3    of fact are supported by substantial evidence in the record and the proper legal standards were

4    applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

5    *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

6    180 F.3d 1094, 1097 (9th Cir. 1999).

7          The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8    conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

9    more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

10   Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

11   conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*

12   *N.L.R.B.*, 305 U.S. 197, 229 (1938)).

13         "The ALJ is responsible for determining credibility, resolving conflicts in medical

14   testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

15   2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

16   interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

18   III.    ANALYSIS

19         Plaintiff argues that the ALJ erred by (1) failing to provide any explanation for how he

20   assessed plaintiff's RFC, and (2) not adequately explaining why plaintiff did not meet the listings

21   at the third step of the sequential evaluation.  ECF No. 16 at 4-6.

22         Turning to plaintiff's first argument, the ALJ determined that plaintiff maintained the RFC

23   to perform light work, but with some postural, manipulative, and environmental limitations.  AR

24   18.  Plaintiff argues that it is "literally true" that the ALJ's "decision contains no explanation for

25   its residual functional capacity" determination.  ECF No. 16.

26         An individual's RFC is the most he can perform despite his limitations.  20 C.F.R.

27   § 404.1545.  In assessing a claimant's RFC, the ALJ is required to consider all medically

28   determined impairments and relevant medical evidence.  20 C.F.R. 404.1545(a)(2)-(3).  "The

1   RFC assessment must include a narrative discussion describing how the evidence supports each

2   conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g.,

3   daily activities, observations). "  SSR 69-8p.

4           The ALJ's decision includes a narrative discussion, but it is devoid of any explanation for

5   how plaintiff's RFC was assessed.  The narrative includes a brief summary of plaintiff's

6   allegations of disabling pain, as well as an explanation for why the ALJ concluded that plaintiff's

7   complaints were not fully credible.  AR 19.  However, it contains virtually no discussion of

8   plaintiff's impairments or medical records.  The only statement regarding plaintiff's medical

9   records is that "[t]reatment notes repeatedly show that the claimant demonstrated physical

10  examinations that showed claimant alert, well appearing, and in no significant distress."  AR 19.

11  This limited statement, however, provides no insight into how the ALJ determined that plaintiff

12  could perform light work with some postural, manipulative, and environmental limitations.  Nor

13  does the ALJ's rejection of plaintiff's subjective complaint shed any light of how the ALJ arrived

14  at plaintiff's RFC.[2]  The lack of discussion is surprising in a case with an administrative record

15  spanning more than 600 pages of medical records.  *Id*. at 235-861.[3]

16          The Commissioner attempts to compensate for the decision's shortcomings by citing to

17  various portions of the record that might have been relied upon by the ALJ in making an RFC

18  determination.  However, in assessing whether the ALJ properly determined plaintiff's RFC

19  determination, the court is limited to the explanation provided by the ALJ.  *See Bray v. Comm'r*

20  *Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of

21

22          [2]  As suggested by plaintiff, it is possible that the ALJ never finished his decision and
    inadvertently issued an incomplete draft.  ECF No. 20 at 1-2.  In addition to containing no
23  explanation for how the RFC was determined, the decision also includes the following incomplete
    sentence: "of any mental health symptoms, treatment or continued mental health care."  AR 19.
24  The incomplete sentence follows the ALJ's explanation for why he discredited plaintiff's
    subjective complaints.  Perhaps the ALJ intended to follow his credibility determination with an
25  explanation of the medical evidence.  Regardless, the RFC narrative is insufficient to support the
    RFC determination.
26

27          [3] To be sure, not all of the medical evidence concerns the relevant time period of
    November 17, 2009, through September 30, 2011.  But the ALJ's written decision must include a
28  discussion of the relevant medical evidence.  *See* 20 C.F.R. 404.1545(a)(2)-(3).

1    administrative law require [the court] to review the ALJ's decision based on the reasoning and

2    factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the

3    adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (a

4    district court is "constrained to review the reasons the ALJ asserts"); *Barbato v. Comm'r Soc.*

5    *Sec. Admin.*, 923 F. Supp. 1273, 1276 n.2 ("If the decision on its face does not adequately explain

6    how a conclusion was reached, that alone is grounds for remand.  And that is so even if [the

7    Administration] can offer proper post hoc explanations for such unexplained conclusions." ).  The

8    decision fails to provide any explanation at all for how the RFC determination was reached, and

9    therefore this matter must be remanded for further proceedings. [4]

10   IV.    CONCLUSION

11          Accordingly, it is hereby ORDERED that:

12          1.  Plaintiff's motion for summary judgment is granted;

13          2.  The Commissioner's cross-motion for summary judgment is denied;

14          3.  The matter is remanded for further proceedings consistent with this order; and

15          4.  The Clerk is directed to enter judgment in plaintiff's favor.

16   DATED:  September 26, 2016.

17                                             _____
                                               EDMUND F. BRENNAN
18                                             UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

        [4]  Because the case must be remanded for further consideration, the court declines to
28   address plaintiff's additional argument.