UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BRADLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | No. 2:15-cv-1026-EFB<br><br><br>ORDER |

Pursuant to 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $6,000, which is 5.6 percent of past benefits due to plaintiff.[1] ECF No. 25. Plaintiff entered into a retainer agreement with his attorney which provides that he would pay counsel up to 25 percent of any past-due benefits won as a result of the appeal in this case. ECF No. 25-3. Counsel spent 17.25 professional hours on plaintiff's case. ECF No. 25 at 4-5.

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[1] The Commissioner does not oppose counsel's request. ECF No. 27.

1

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), *receded from on other grounds*, *Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 1991). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. *Bisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).

After this court remanded for further proceedings, plaintiff was found disabled and awarded past-due benefits in the amount of $107,677. ECF No. 25-1. Plaintiff's counsel's request for $6,000, which is well below the statutory maximum, would constitute an hourly rate of $347.83. Based on the risk of loss taken in representing plaintiff, the quality of counsel's representation, and counsel's experience in the field of Social Security law, the court finds that rate to be reasonable. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (discussing cases where courts granted fees based on hourly rates from $187.55 to $694.44, and awarding effective hourly rate of $450.00); *Mondello v. Astrue*, No. Civ S-04-973 DAD, 2009 WL 636542, at *2 (E.D. Cal. March 11, 2009) (awarding fees that represented a rate of approximately $801.00 per hour). Further, given the result achieved in this case, the court finds the amount of hours expended to be reasonable.

Counsel concedes that the $6,000 award should be offset in the amount of $3,147.78 for fees previously awarded under the Equal Access to Justice Act ("EAJA"). ECF No. 25 at 2. Counsel provides that upon receipt of a fee award in the amount of $6,000, he will refund the

/////

/////

plaintiff the sum of $3,147.78 previously awarded under the EAJA. *Id*. at 8. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that where attorney's fees are awarded under both EAJA and § 406(b), the attorney must refund the smaller of the two awards to the plaintiff).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's counsel's motion for attorney's fees (ECF No. 25) is granted;

2. Plaintiff's counsel is awarded $6,000 in fees pursuant to 42 U.S.C. § 406(b); and

3. Upon receipt of the $6,000 award, counsel shall refund to plaintiff the sum of $3,147.78 previously awarded under the EAJA.

DATED: March 25, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE